IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12-cv-01249-PAB-KMT

KATHRYN GUY, as mother, next of kin and executor of the estate of James Guy, deceased,

    Plaintiff,

v.

NATHAN JORSTAD,
RICHARD MYERS, Chief of Police,
STEVE COX, Interim City Manager, individually and in their official capacity, and
CITY OF COLORADO SPRINGS, a Municipality,

    Defendants.

---

**ORDER**

---

This matter is before the court on Plaintiff's "Motion to Amend Complaint" (Doc. No. 24, filed August 15, 2012 ["Mot."]) and "Defendants' Response to Plaintiff's Motion to Amend Complaint" (Doc. No. 29, filed September 5, 2012 ["Resp."]). No reply was timely filed. Accordingly, this motion is ripe for the court's review.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from the shooting death of James William Guy in the City of Colorado Springs on April 22, 2011. On that date, Defendant Nathan Jorstad, a Colorado Springs police officer, was dispatched to Mr. Guy's address on reports that shots had been fired. (Doc. No. 1 ¶ 11.) After taking a position of cover, Officer Jorstad allegedly fired his shotgun without warning

when an intoxicated Mr. Guy, with his back facing Officer Jorstad, raised a semi-automatic pistol that was in a slide-back, locked position. (*Id.* ¶¶ 11-15.) The shotgun blast hit Mr. Guy, who died later that day from the injuries sustained. (*Id.* ¶ 15.)

Plaintiff, as Mr. Guy's mother and next of kin, filed her Complaint in federal court on May 14, 2012, alleging one federal law claim based on the Fourth and Fifth Amendments, brought pursuant to 42 U.S.C. § 1983, and two state law claims based on assault and battery and negligence. (Doc. No. 1.) Defendants jointly filed a motion to dismiss on July 9, 2012 (Doc. No. 11) and a motion to stay discovery on August 14, 2012 (Doc. No. 21). In response to the Motion to Dismiss, Plaintiff filed a motion to stay briefing (Doc. No. 17) so that she could conduct discovery in preparation for her response to the Motion to Dismiss. District Judge Philip A. Brimmer denied her motion to stay briefing and ordered Plaintiff to respond to the Motion to Dismiss on or before August 15, 2012. (*See* Minute Order, Doc. No. 23.) Plaintiff duly filed her response to the Motion to Dismiss on August 15, 2012 (Doc. No. 25), and also filed the instant Motion to Amend (Mot.) that same day, along with a proposed "Amended Complaint" (Mot., Ex. 1). Pursuant to Orders of Reference dated August 15, 2012 and August 16, 2012, Plaintiff's Motion to Amend and Defendants' motion to stay were referred to this court. The Motion to Dismiss remains pending before the District Court.

## LEGAL STANDARDS

### A.     *Leave to Amend*

Pursuant to Federal Rule of Civil Procedure 15(a), "The [C]ourt should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No.*

5, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).  The Federal Rules reject the approach "that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

### B.     *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6) (2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 678-80. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citation omitted). "Where a

complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citation omitted).

## ANALYSIS

In opposing Plaintiff's Motion to Amend, Defendants argue only that Plaintiff's proposed amendments are futile pursuant to Fed. R. Civ. P. 12(b)(6). (*See* Resp. at 2.) While the court may deny an amendment on futility grounds, "[p]rejudice to the opposing party is the single most important factor in deciding whether to allow leave to amend." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006); *see also* 6 Wright, Miller & Kane, Federal Practice and Procedure § 1487 (3d ed. 2010) ("Perhaps the most important factor . . . for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter a pleading."). Indeed, courts in this district have refused to undertake an analysis of futility in the absence of arguments concerning prejudice. *See*, *e.g.*, *Stender v. Cardwell*, No. 07-cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. 2011). Thus, despite Defendants' futility argument, the court may properly focus on prejudicial impact instead.

At this stage in the case, Defendants have both a motion to dismiss and a motion to stay pending. Granting Plaintiff's Motion to Amend would moot Defendants' current pending Motion to Dismiss. *See*, *e.g.*, *Brunet v. The Quizno's Franchize Co. LLC*, 07-cv-01717-EWN-KMT, 2008 WL 4380590, at *1 (D. Colo. 2008); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990) ("[A] pleading that has been amended under Rule 15[a] supercedes the pleading it modifies . . . "). Moreover, because Defendants' motion to stay is premised upon the arguments raised in the Motion to Dismiss, that motion might be mooted as well. *See*, *e.g.*,

*Hwang v. Kan. State Univ.*, 2012 WL 3292835, at *1 (D. Kan. Aug. 13, 2012) (mooting motion to stay based on filing of amended complaint).  However, the prejudice to re-filing both of those motions is minimal.  In fact, Defendants' argument that the proposed amendments add little to the original Complaint underscores that little effort would required to incorporate those new arguments into the previous motions' framework to create new motions.  What is more, briefing on the two motions has only recently been completed, and pursuant to the Scheduling Order in this case, the deadline for dispositive motions is not until July 19, 2013.  (*See* Doc. No. 19 at 5); *cf. Garland v. Board of Educ. of Denver Public School Dist. No. 1*, No. 11-cv-00396-REB-KMT, 2012 WL 1018837, at *3 (D. Colo. Feb. 10, 2012) (denying amendment because amendments added little, motion to dismiss had been pending for eight months, and deadline for dispositive motions was near), *adopted by Garland v. Board of Educ. of Denver Public School Dist. No. 1*, No. 11-cv-00396-REB-KMT, 2012 WL 1018723, at *1 (D. Colo. Mar. 26, 2012).

      While bypassing a full analysis of the futility argument at this time, the court nonetheless notes that such an argument further counsels in favor of allowing amendment.  The Tenth Circuit has stated that "[t]he futility question is functionally equivalent to the question of whether a complaint may be dismissed for failure to state a claim."  *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).  While the pending Motion to Dismiss first argues that Plaintiff's Complaint should be dismissed for failure to state a claim, (*see* Doc. No. 11 at 4-12), Defendants also argue that the court lacks subject-matter jurisdiction to hear the state law tort claims.  (*See id.* at 13-15), The proposed Amended Complaint deletes those very claims, thus negating the need for judicial analysis of that part of the motion.  To analyze the futility of Plaintiff's one

remaining claim is to undertake substantially the same analysis that the District Court must apply pursuant to Fed. R. Civ. P. 12(b)(6). Under these circumstances, this court finds the most suitable approach is to allow the amendment of the Complaint and reserve the Rule 12(b)(6) analysis for the District Court. Therefore, it is

**ORDERED** that Plaintiff's "Motion to Amend Complaint" (Doc. No. 24) is **GRANTED**. The Clerk of Court is directed to file Plaintiff's Amended Complaint (Doc. No. 24-1).

Dated this 2nd day of November, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge