IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12-cv-01249-PAB-KMT


KATHRYN GUY, as mother, next of kin and executor of the estate of James Guy, deceased,

     Plaintiff,

v.

NATHAN JORSTAD,
RICHARD MYERS, Chief of Police,
STEVE COX, Interim City Manager, individually and in their official capacity, and
CITY OF COLORADO SPRINGS, a Municipality,

     Defendants.

---

## ORDER

---

This matter is before the court on "Defendants' Motion for Protective Order from Discovery and to Vacate Scheduling Order Deadlines" (Doc. No. 21, filed August 14, 2012 ["Mot."]).

Plaintiff filed her Complaint on May 14, 2012. (Doc. No. 1.) On July 19, 2012, Defendants collectively filed a motion to dismiss (Doc. No. 11), and on August 14, 2012, filed the present motion to stay discovery (Doc. No. 21). On November 2, 2012, this court granted Plaintiff's motion to amend her Complaint, (*see* Doc. No. 33), and on November 13, 2012, ordered Defendants to file a status report advising of their position on a stay of discovery, in light of District Judge Philip A. Brimmer's denial of the motion to dismiss as moot. (*See* Doc.

Nos. 34, 35.)  Defendants filed their Status Report on November 16, 2012 (Doc. No. 37), and on

November 20, 2012, this court ordered Plaintiff to file a status report responding to Defendants'

position on a stay of discovery.  (*See* Doc. No. 38.)  Plaintiff subsequently filed her Status

Report on November 27, 2012 (Doc. No. 39).

Defendants' Status Report, filed contemporaneously with a motion to dismiss the

Amended Complaint (Doc. No. 36), re-incorporates the arguments from the motion to stay, and

argues that they remain applicable, even in light of the revisions in the Amended Complaint.

Defendants Cox and Myers contend that a stay is warranted because they assert qualified

immunity in the pending motion to dismiss, while the other defendants contend that a

discretionary stay in discovery is warranted.  (*See* Doc. No. 37, ¶¶ 7-8.)  Plaintiff, in originally

opposing the motion to stay, conceded that discovery should be stayed as to Defendants Cox and

Myers, (*see* Doc. No. 28), but now appears in her Status Report to support a stay of discovery in

the entire case.  (*See* Doc. No. 39, ¶ 4.)

Immunity provisions, whether qualified, absolute or pursuant to the Eleventh

Amendment, are meant to free officials from the concerns of litigation, including avoidance of

disruptive discovery.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (citing *Siegert v. Gilley*,

500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)); *see also Workman v. Jordan*,

958 F.2d 332, 335 (10th Cir. 1992) (noting that qualified immunity, if successful, protects an

official both from liability and the ordinary burdens of litigation, including far-ranging

discovery) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)).  As explained by the

Court in *Iqbal*, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].

*Id.* at 685.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c).  Moreover,

> [t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).  An order staying discovery is thus an appropriate exercise of this court's discretion.  *Id.*

Additionally, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010). Although a stay of all discovery is generally disfavored, *see Bustos v. U.S.*, 257 F.R.D. 617, 623 (D. Colo. 2009), a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). *See also Vivid Techs., Inc. v. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved"). When considering a stay of discovery, this court considers: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. 1987)).

It appears Plaintiff does not currently oppose a stay of discovery. (*See* Doc. No. 39, ¶ 4.) Therefore, any prejudice to her interest in proceeding expeditiously does not weigh heavily in the court's analysis. On the other hand, Defendants maintain that the discovery process would impose significant burdens because they might be forced to undergo unnecessary or duplicative discovery if the pending motion to dismiss is ultimately granted. (*See* Mot. at 8-9.) Defendants also argue that anything less than a complete stay would violate the entitlement of certain defendants to be free from discovery due to their assertion of qualified immunity, thus imposing

4

an unnecessary burden on them.  (*See id*. at 9.)  The court agrees and therefore finds that this

factor weighs in favor of a stay.

There is no indication that granting a stay will inconvenience the court or prejudice the

interests of persons not parties to this action.  Additionally, a stay would be in the public's

interest by conserving public resources, as it would eliminate the possibility of duplicative

discovery, should some of Plaintiff's claims survive the pending motion to dismiss.

Balancing the factors, in light of Plaintiff's concurrence with Defendants' request for a

stay, the court finds that a stay of discovery and other deadlines is appropriate in this case.

Therefore, it is

**ORDERED** that "Defendants' Motion for Protective Order from Discovery and to

Vacate Scheduling Order Deadlines" (Doc. No. 21) is **GRANTED**.  Discovery and all deadlines

and hearings in this case are hereby **STAYED** pending resolution of "Defendants' Motion to

Dismiss Plaintiff's Amended Complaint" (Doc. No. 36).  The parties shall file a Joint Status

Report within ten days of a ruling on the pending motion to dismiss if any portion of the case

remains pending.

Dated this 4th day of December, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

5