**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Case No. 12-cv-01249-RM-KMT

KATHRYN GUY, as Mother, next of kin and executor of the estate of James Guy, deceased,

      Plaintiff,

v.

NATHAN JORSTAD,
RICHARD MYERS, Chief of Police,
STEVE COX, Interim City Manager, individually and in their official capacity, and
CITY OF COLORADO SPRINGS, a Municipality,

      Defendants.

---

## ORDER GRANTING MOTION TO DISMISS (ECF NO. 36)

---

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiff's

Amended Complaint ("Motion") (ECF No. 36) brought under Fed.R.Civ.P 12(b)(6).  In their

Motion, Defendants seek dismissal of all claims except for the individual capacity claim for

damages against Defendant Nathan Jorstad based on an alleged violation of the Fourth

Amendment of the United States Constitution.  The Court has reviewed the Amended Complaint

(with Exhibits), the Motion, Plaintiff's Answer Brief ("Response"), Defendants' Reply, the

Court file, the Federal Rules of Civil Procedure and the applicable law.  Upon consideration of

the foregoing, Defendants' Motion is granted as stated herein.

### I.  PLAINTIFF'S ALLEGATIONS

In the Amended Complaint, Plaintiff seeks damages for claims brought under 42 U.S.C.

§ 1983.  Plaintiff alleges that on the morning of April 22, 2011, Defendant Nathan Jorstad, a

Colorado Springs Police Department officer, was dispatched to James William Guy's

("Decedent") home in response to shots fired at that location. Plaintiff further alleges that Decedent was visibly intoxicated at a picnic table in the backyard of his home, turned and raised his unloaded, locked semi-automatic pistol in a westerly direction, with his back facing Defendant Jorstad. Suddenly, without warning, Defendant Jorstad allegedly fired at Decedent, causing his death.

Defendant Steve Cox is the Interim City Manager of Defendant City of Colorado Springs ("City"), and Defendant Richard Myers was the Chief of Police of Defendant City at the time of the shooting incident. Defendants Cox and Myers are alleged to be responsible for promulgating the orders, rules, instructions and regulations of the Police Department, including those concerning the use of deadly force and weapons. They allegedly also had authority to approve all weapons to be used by the Police Department. Defendant Myers was also allegedly in charge of the training section for the Police Department.

Defendant City, a municipal corporation, through Defendants Cox and Myers, was allegedly responsible for promulgating rules and regulations for supervising and training the Police Department and its personnel. Defendant City also allegedly had the power and duty to see that all Police Department rules and regulations promulgated were consistent with the Constitution, the laws of the City, and the laws of the State of Colorado.

As a result of the shooting incident, Plaintiff Kathryn Guy, Decedent's mother, brings the following claims: [1]

    (1)    Defendant Jorstad, in his individual and official capacity, alleging: Fourth Amendment violation based on the use of deadly force;

---

[1] Plaintiff's Response did not dispute the nature of her claims as characterized by Defendants. Accordingly, the Court accepts the same as the bases for the claims asserted.

(2)     Defendants Myers and Cox, in their individual and official capacities, alleging

supervisory liability for: (i) failure to train and supervise Defendant Jorstad; and

(ii) promulgation of the deadly force policy; and

(3)     Defendant City for municipal liability, alleging: (i) the failure to appoint,

promote, train and supervise the Police Department; (ii) the failure to promulgate

procedures and policies for the use of firearms consistent with the Fourth and

Fifth Amendments; (iii) the permitting of a custom of using unreasonable deadly

force; and (iv) a formal deadly force policy.

Plaintiff attached, as exhibits to the Amended Complaint, the Police Department's

General Orders 720 and 1002, and the Colorado Springs City Charter, Article IV, § 4-20.

## II.  ANALYSIS

**A.     Motion to Dismiss Standard.**

In evaluating a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., the Court may

consider the complaint and any attached exhibits.  *Smith v. United States*, 561 F.3d. 1090, 1098

(10th Cir. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Legal conclusions are not

accepted as true but must be supported by facts.  *Id.* at 678–79.  All well-pleaded factual

allegations in the complaint are viewed in the light most favorable to the nonmoving party.

*Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).[2]

---

[2] Plaintiff argues Defendants' initial disclosures failed to include training materials which would allow her to "more adequately pinpoint" the alleged failure to train.  (Response, page 4.)  When a qualified immunity defense is raised,

**B.      Plaintiff's Supervisory Liability Claims against Defendants Myers and Cox.**

Defendants Myers and Cox, in their individual capacity, contend they are entitled to qualified immunity on Plaintiff's claims based on supervisory liability because of her failure to sufficiently allege the elements of causation and intent.   Those claims are based on the alleged failure to train and supervise, and alleged promulgation of the deadly force policy.

Public officials enjoy qualified immunity in civil actions brought against them in their individual capacities that arise out of the performance of their duties.  *Pahl v. Thomas*, 718 F.3d 1210, 1227 (10th Cir. 2013).  "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Pearson v. Callahan,* 555 U.S. 223, 231 (2009) (internal quotation marks omitted).  "Generally, when a defendant asserts qualified immunity, the plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct."  *Estate of Booker v. Gomez,* Case No. 12-1496, 2014 WL 929157, at *2 (10th Cir. March 11, 2014) (internal quotation marks omitted).

A defendant sued in his individual capacity may be subject to supervisory liability.  *Id.* at *24.  Section 1983, however, does not allow for liability under a theory of *respondeat superior*. *Id.*  Instead, the plaintiff must show an "affirmative link" between the supervisor and the constitutional violation.  *Id.*  To do so, the plaintiff must establish: (1) the defendant-supervisor promulgated, created, implemented or possessed responsibility for the continued operation of a

---

however, discovery should generally be stayed until the immunity issue is resolved.  *Williams v. Valencia County Sheriff's Office (VCSO)*, 33 Fed.Appx. 929, 931-932 (10th Cir. 2002).  "[Q]ualified immunity is not only a defense to liability but also [an] entitlement to immunity from suit and other demands of litigation."  *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992).  Here, the Magistrate Judge issued an Order staying discovery, to which Plaintiff did not object.  (ECF No. 40.)

policy, that (2) caused the constitutional harm complained of, and (3) acted with the state of mind required to establish the alleged constitutional deprivation.  *Pahl v. Thomas, supra* at 1226; *see Estate of Booker v. Gomez, supra* at *24.

The "policy/custom" element may take the form of the failure to adequately train or supervise employees, where the failure results from deliberate indifference, or a formal regulation or policy statement.  *Bryson v. City of Okla. City,* 627 F.3d 784, 788 (10th Cir. 2010).  The "causation" element requires the plaintiff to show that the defendant's alleged conduct caused the constitutional violation by setting in motion a series of events that the defendant knew, or reasonably should have known, would cause others to deprive the plaintiff of his constitutional rights.  *Estate of Booker v. Gomez, supra* at *25.  "The third element requires the plaintiff to show that the defendant took the alleged actions with the requisite state of mind, which can be no less than the *mens rea* required of the subordinates to commit the underlying constitutional violation."  *Id.* (internal quotation marks and citations omitted).

**1.    The Alleged Failure to Train and Supervise Defendant Jorstad.**

Defendants contend Plaintiff has failed to sufficiently allege the requisite elements of causation and intent.  The Court agrees.  Here, Plaintiff relies on Defendant Jorstad's alleged action during the incident as the basis for her claim that Defendants Myers and Cox failed to adequately train or supervise Defendant Jorstad.  (ECF No. 33, pages 6-7, ¶ 19; ECF No. 48, pages 3-4.)  Plaintiff's Response makes little attempt to expand on this allegation to meet her two-part burden.  Instead, she argues that Defendant Jorstad's alleged action, standing alone, demonstrated an "obvious" need for more or different training.  Plaintiff also pointed to General Order 720 which provides that "Attempts will be made to achieve control through warnings or

persuasion," but argues these attempts were never made by Defendant Jorstad, thereby showing an obvious inadequate or insufficient training.

Plaintiff's arguments and conclusory allegations do not sufficiently show causation. They do not allege how these Defendants' actions set in motion events or acts which they knew or reasonably should have known would cause others to deprive Decedent of his constitutional rights. Absent from Plaintiff's Amended Complaint are any allegations regarding Defendant Jorstad's training or supervision or how it was deficient. Nor are there allegations of how more or different training or supervision could have avoided the incident. Plaintiff's reliance on a single incident as a basis for liability is unavailing in this instance because Defendant Jorstad's alleged conduct, under the circumstances alleged, was not so obvious a consequence of any training or supervision that must have been inadequate. In short, Plaintiff has failed to sufficiently allege any connection between any training or supervision and the alleged unconstitutional conduct. *See Kemp v. Lawyer,* 846 F.Supp.2d 1170, 1176-1177 (D.Colo. 2012).

Equally conclusory – and deficient – are Plaintiff's allegations that these Defendants had the requisite state of mind, *i.e.,* intent, which the parties appear to agree is deliberate indifference. (*See* ECF No. 36, page 5; ECF No. 48, page 3.) Accordingly, the Court assumes, without deciding, that is the standard by which this element is to be judged.[3] "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. Deliberate indifference can be satisfied by evidence showing that the defendant knowingly created a substantial risk of constitutional

---

[3] "[A]fter *Iqbal,* Plaintiff can no longer succeed on a § 1983 claim against Defendant by showing that as a supervisor he behaved knowingly or with deliberate indifference that a constitutional violation would occur at the hands of his subordinates, unless that is the same state of mind required for the constitutional deprivation he alleges." *Dodds v. Richardson,* 614 F.3d 1185, 1204 (10th Cir. 2010) (internal quotation marks omitted). Where the parties agree the applicable state of mind is deliberate indifference, the Court may assume, without deciding, that is the correct standard. *See Schneider v. City of Grand Junction Police Dept.,* 717 F.3d 760, 769 (10th Cir. 2013).

injury." *Schneider v. City of Grand Junction Police Dept., supra* at 769 (internal alteration, quotation marks, and citation omitted).

Here, the Amended Complaint alleges summarily that Defendants Myers and Cox acted "intentionally, negligently, and with complete and deliberate indifference" to Decedent's rights. (ECF No. 33, page 6, ¶19.)  Again, Plaintiff relies on the obviousness of the need for training and supervision, based on the single incident, as evidence of Defendant Myers' and Cox's deliberate indifference.  As stated, the single incident in question does not show an obvious need for training or supervision.  It therefore follows that it cannot serve to support a showing of deliberate indifference.  Without sufficient argument or allegations of how *these* Defendants' – Myers and Cox – actions violated Plaintiff's constitutional rights, they are entitled to qualified immunity.  *See Rojas v. Anderson*, 727 F.3d 1000, 1004 (10th Cir. 2013) (defendant entitled to qualified immunity where plaintiff failed to discuss how rights were violated or whether the right was clearly established).

## 2.    The Alleged Promulgation of the Deadly Force Policy.

Here, Defendants also contend Plaintiff has failed to allege the requisite elements of causation and intent.  The Court again agrees.

Plaintiff argues that Defendants had personal involvement by promulgating and implementing policies that were vague, confusing and contradictory, and led to the use of excessive force by Defendant Jorstad or "proximately caused" the deprivation of Decedent's constitutional rights.  Her bare statements, however, are simply insufficient to allege a causal link between such provisions and the alleged constitutional violation.  Instead, Plaintiff's Response shows she relies upon Policy .04, and, there, her argument is not that Defendant Jorstad was confused or otherwise mislead by the policy but, rather, that he failed to follow the

policy.  As such, Plaintiff has failed to sufficiently allege the deadly force policy was the "moving force" behind the alleged constitutional violation.

Similarly, Plaintiff has failed to sufficiently alleged facts to support a claim that Defendants Cox and Myers acted with deliberate indifference in promulgation of the deadly force policy.  Absent from the Amended Complaint are allegations to show these Defendants acted with "complete and deliberate indifference."  For example, there are no allegations of other instances where the "vague and confusing and contradictory" deadly force policy resulted in the excessive use of deadly force of which these Defendants were aware, or allegations to otherwise conclude these Defendants knowingly created a substantial risk of constitutional injury.  *See Schneider v. City of Grand Junction Police Dept., supra* at 769; *Dodds v. Richardson, supra* at 1205-1206.

**C.     Plaintiff's Official Capacity Claims against Defendants Jorstad, Cox and Myers.**

Defendants argue that Plaintiff's official capacity claims against Defendants Jorstad, Cox and Myers are duplicative of the municipal liability claim against the City and, therefore, such claims should be dismissed as redundant.  Plaintiff has not argued otherwise.

An official-capacity suit brought under § 1983 is generally only another way of pleading an action against an entity in which the officer is an agent.  *Moss v. Kopp,* 559 F.3d 1155, 1168 n.13 (10th Cir. 2009).  As such, "as long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Id.*  Accordingly, the official capacity claims may be dismissed as redundant.  *Doe v. Douglas County School Dist.*, 775 F.Supp. 1414, 1416 (D.Colo. 1991).

**D.      Plaintiff's Municipal Liability Claim against Defendant City.**

A municipality cannot be liable under § 1983 based on the theory of *respondeat superior*. *Monell v. Dept. of Social Serv.*, 436 U.S. 658, 691 (1978).  To establish municipal liability, the plaintiff must show: (1) the existence of a municipal custom or policy; (2) a direct causal link between the custom or policy and the violation alleged; and (3) state of mind.  *Schneider v. City of Grand Junction Police Dept., supra* at 769; *Jenkins v. Wood,* 81 F.3d 988, 993 (10th Cir. 1996).

**1.      Municipal Policy or Custom.**

A municipal policy or custom may take the form of:

(1) a formal regulation or policy statement;

(2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law;

(3) the decisions of employees with final policymaking authority;

(4) the ratification by such final policy-makers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or

(5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (internal brackets and quotation marks omitted); *see Schneider v. City of Grand Junction Police Dept., supra* at 770.

Defendants argue Plaintiff has only sufficiently alleged the existence of a municipal policy or custom based on the City's formal deadly force policy.  In Response, Plaintiff appears to argue the existence of a policy based on allegations of not only a formal policy but also decisions of Defendants Cox and Myers as final policymakers and the failure to train and

supervise.[4]  As discussed below, the Court finds Plaintiff has not sufficiently alleged a municipal claim based on her argument that Defendants Cox and Myers are final policymakers or on the failure to act.

### a.      Defendants Cox and Myers as Final Policymakers.

Defendants argue that Plaintiff nowhere alleges that the incident at issue occurred pursuant to a decision made by a City policymaker.  Plaintiff argues that Defendants Cox and Myers had final decision making authority, cites to legal propositions concerning deliberate indifference and liability based on a single incident, and asserts there are facts in the Amended Complaint.  The Court's examination of the Amended Complaint, however, shows insufficient factual allegations to support liability against the City for the single incident based on decisions by Defendants Cox and Myers as final policymakers.  *See Moss v. Kopp, supra* at 1169.  Instead, there are only conclusory allegations regarding these two Defendants, such as they were charged with promulgating rules and regulations concerning the use of deadly force and weapons.  *See Jenkins v. Wood, supra* at 994 ("conclusory allegations are not sufficient to state a constitutional violation").

### b.      The Alleged Failure to Act (Appoint, Promote, Train, Supervise, and Require the Promulgation of Procedures and Policies).

Where a plaintiff seeks to hold a municipality liable based on an alleged custom or policy comprised of a failure to act, the plaintiff must demonstrate the municipality's inaction resulted from deliberate indifference to the plaintiff's rights.  *See Connick v. Thompson*, 131 S.Ct. 1350, 1358 (2011); *Jenkins v. Wood, supra* at 994.  "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."  *Connick v. Thompson, supra* at 1360 (internal quotation marks omitted).  *See also*

---

[4] Any argument by Plaintiff of a municipal policy based on ratification or an informal custom amounting to a widespread practice fails for lack of factual allegations.  *See Moss v. Kopp*, *supra* at 1169.

*Kramer v. Wasatch County Sheriff's Office,* 743 F.3d 726, 759 (10th Cir. 2014).  A municipality may be deemed deliberately indifferent if its policymakers are on actual or constructive notice that a particular omission in a program causes municipality employees to violate citizens' constitutional rights, but chose to retain that program.  *See Connick v. Thompson, supra* at 1360 (discussing failure to train).

A pattern of similar constitutional violations is ordinarily necessarily to demonstrate deliberate indifference.  *See id.* at 1360.  Without notice that a course of action or inaction is deficient in a particular respect, decision makers can hardly be said to be deliberate indifferent that such action or inaction will cause violations of constitutional rights.  *See id.* at 1360.   In a "*narrow range*" of circumstances, the plaintiff may not be required to show a pattern of similar violations, such as where the consequences of the failure to act is so patently obvious that a city could be liable without proof of a pre-existing pattern of violations.  *See Connick v. Thompson, supra* at 1361 & 1366.

In this case, Plaintiff has not met her burden.  As Defendants have argued, there are no factual allegations to support the conclusory assertion that the City acted "with complete and deliberate indifference."   If Plaintiff is relying on an "obviousness" argument, she has failed to alleged sufficient factual support for such position, or present satisfactory discussion as to why or how this argument applies.  Plaintiff has failed to allege what training or supervision Defendant Jorstad received, how it was deficient, or why or how the need for more or different training or supervision was obvious.  *See Jenkins v. Wood, supra* at 994; *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010).

Similarly, Plaintiff has not sufficiently alleged how any relied upon procedures and policies for the use of firearms are inconsistent with the Constitution, or how they establish the

City acted with deliberate indifference.  Plaintiff relies on Policy .04 in Order 720, but her argument is that Defendant Jorstad disobeyed this policy.[5]  (Response, page 4.)  Accordingly, Plaintiff's factual allegations – and arguments – do not support deliberate indifference by the City.  *See Porro v. Barnes, supra* at 1328-1329 (plaintiff failed to establish deliberate indifference where city trained jailers to used tasers only if inmate became violent but jailer acted contrary to policy).

### 2.      Direct Causal Link.

Defendants argue Plaintiff has failed to allege a direct causal link between the municipal deadly force policy and Defendant Jorstad's alleged conduct.  Indeed, Defendants claim Plaintiff's assertion, in her Response, that Defendant Jorstad failed to comply with the policy shows the policy was not the "moving force" behind the alleged constitutional policy.  The Court concurs.

"To establish the causation element, the challenged policy or practice must be closely related to the violation of the plaintiff's federally protected right.  This requirement is satisfied if the plaintiff shows that the municipality was the moving force behind the injury alleged." *Schneider v. City of Grand Junction Police Dept., supra* at 770 (internal quotation marks and citation omitted).  There must be "a direct causal link between the municipal policy and the deprivation of federal rights." *Id.; Kramer v. Wasatch County Sheriff's Office, supra* at 759.

Plaintiff's Amended Complaint alleges the City permitted the deadly force policy to exist and to be followed, thereby causing the alleged unconstitutional violation.  (Amended Complaint, page 8, ¶20.)   Her Response, however, argues that the policy should have been

---

[5] Plaintiff argues Defendant Jorstad's failure to make such attempts points to the obvious need for training or additional training.  As previously discussed, Plaintiff has omitted alleged facts concerning his training or lack thereof.  Further, the Court finds that the allegation that this single incident occurred, without more, fails to evince an obvious lack of training under the allegations of this case.

followed by Defendant Jorstad but he failed to do so.  As such the policy was not "moving force" behind the alleged constitutional violation.  Accordingly, Plaintiff has failed to sufficiently alleged facts to support a claim for municipal liability.

## III. CONCLUSION

While a complaint challenged by a motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotation marks omitted).  In this case, Plaintiff has failed to provide sufficient factual allegation – the grounds for her entitlement to relief – to support her claims under § 1983 as stated herein. Accordingly, it is therefore

ORDERED that Defendants' Motion (ECF No. 36) is granted as stated herein;

FURTHER ORDERED that Plaintiff's supervisory liability claims against Defendants Myers and Cox in their individual capacities for damages are dismissed without prejudice;

FURTHER ORDERED that Plaintiff's official capacity claims against Defendants Jorstad, Cox and Myers are dismissed as redundant;

FURTHER ORDERED that Plaintiff's municipal liability claim against Defendant City is dismissed without prejudice;

FURTHER ORDERED that Defendants Myers, Cox and City of Colorado Springs are dismissed and their names shall be removed from the caption in all future filings with the Court;

FURTHER ORDERED that this case shall proceed on Plaintiff's only remaining claim, directed against Defendant Jorstad in his individual capacity for damages based on an alleged violation of the Fourth Amendment; and

FURTHER ORDERED that Order (ECF No. 40) issued on December 4, 2012, staying this case pending resolution of the Motion is hereby lifted.

DATED this 21st day of April, 2014.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge