**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil case no. 12-cv-01249-RM-KMT

KATHRYN GUY, As Mother, next of kin and executor of the estate of James Guy, deceased,

    Plaintiff,

v.

NATHAN JORSTAD,

    Defendant.

---

**ORDER DENYING**
**MOTION TO REOPEN BRIEFING**
**ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 123)**

---

This matter is before the Court on Plaintiff's Motion to Reopen Briefing on Defendant's Motion for Summary Judgment ("Motion") (ECF No. 123), requesting the Court to "reopen" briefing on a motion that is fully briefed. Defendant's Response to Motion to Reopen Briefing on Defendant's Motion for Summary Judgment ("Response") (ECF No. 128) opposes the Motion. Upon consideration of the Motion, Defendant's Response, the Court file, and applicable rules and case law, and being otherwise fully advised, the Motion is DENIED.

**I.    BACKGROUND**

On March 31, 2015, Defendant filed a Motion for Summary Judgment. Upon motions filed by Plaintiff's first counsel, Plaintiff was granted an extension of time until May 8, 2015 in which to file her response to Defendant's Motion for Summary Judgment. (ECF No. 102.) On May 5, 2015, Plaintiff's first counsel filed a Motion to Withdraw based on the fact that his license to practice law would be suspended for six months beginning May 25, 2015. (ECF No.

103.) Plaintiff's first counsel represented that he had contacted Plaintiff and notified her of this information. That motion was initially denied for failure to comply with the Local Rules, but subsequently granted.

On May 8, 2015, Plaintiff's first counsel filed a Response in Opposition to Defendant's Motion for Summary Judgment, which response did not comply with this Court's Civil Practice Standards. The Court, *sua sponte*, issued an order allowing Plaintiff to supplement her response. Plaintiff failed to do so. Thereafter, Defendant filed his Reply in Support of Motion for Summary Judgment.

On July 23, 2015, new (second) counsel entered an appearance for Plaintiff and, thereafter, filed a Motion for Extension of Time to Supplement Response with Statement of Facts. That motion states that "for reasons unknown," first counsel failed to file a supplement. The Court denied that motion for failure to show either good cause or excusable neglect for the requested extension.

On August 24, 2015, Plaintiff's current (and third) counsel filed the Motion currently before the Court. In support of the Motion, Plaintiff filed an Affidavit stating she was unaware of first counsel's issues until May 14, 2015, and did not know of or authorize the filings made by second counsel.

## II. ANALYSIS

Plaintiff relies on Fed. R. Civ. P. 6(b)(1)(B) in support of her Motion requesting leave to reopen the briefing and file a substitute brief. Rule 6(b)(1) provides, in relevant part: "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time:…(B) on motion made after the time has expired if the party failed to act because of excusable neglect." Defendant argues that Plaintiff does not meet the requirements under Rule

6(b)(1)(B) and that she is bound by the acts and omissions of her former counsel. The Court agrees.

### A. No "Do Over"

First, Defendant argues this Rule does not authorize the filing of a second brief. Neither party cited to any case law on the issue, but the burden is on Plaintiff to establish that the Rule applies and she has failed to do so. Moreover, even assuming, *arguendo*, the Rule applies to essentially allow a "do over," neither good cause nor excusable neglect has been shown.

### B. "Excusable neglect"

"Excusable neglect" requires a showing of not only "neglect" but also one that is "excusable." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "Neglect" may be shown "by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388. In determining whether any neglect was "excusable," the Court should take into account all relevant circumstances surrounding the party's omission, including: "[1] the danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* at 395; *U.S. v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004); *Stringfellow v. Brown*, 105 F.3d 670, 1997 WL 8856, at *1 (10th Cir. Jan. 10, 1997).[1] In this case, Plaintiff has shown neither.

Plaintiff's Motion takes great pains to discuss what her first counsel failed to do, but absent is an explanation of why he failed to act. There is no contention, nor could there be, that first counsel was unaware of the deadline to respond to Defendant's Motion for Summary

---

[1] It appears the Court may also consider whether the moving party's underlying claim is meritorious, *see Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005) (discussing excusable neglect in context of Rule 60(b)), but no party has raised that factor for consideration.

3

Judgment or did not receive the Court's order regarding the failure to comply with its Civil Practice Standards. The Court has previously allowed first counsel an opportunity to cure, but he – without explanation – failed to do so.[2] In this case, the showing of "neglect" has not been met.

Similarly lacking is a showing that any "neglect" was "excusable." First, as Plaintiff acknowledges, Defendant[3] will suffer undue prejudice if Plaintiff is allowed to submit a new brief. For example, reopening briefing would require Defendant to expend further time and resources to prepare another reply brief. Next, briefing was completed in May 2015, more than three months ago. Allowing new briefing would substantially delay the resolution of Defendant's Motion for Summary Judgment and delay the judicial proceedings. Third, Plaintiff's rationale for the "delay" in submitting a "proper" brief is Plaintiff's first (and, perhaps, second) counsel's actions. But, again, no explanation has been provided for *why* Plaintiff's first counsel failed to act. Further, Plaintiff admits that she learned of first counsel's then soon-to-be suspension from the practice of law by at least May 14, 2015, but did not retain new counsel until July 2015, about two months later. Moreover, to the extent Plaintiff contends the actions of her first counsel were not within her reasonable control, because he allegedly failed to inform her of matters, there is an absence of any showing that she sought information but failed to receive it or that it was erroneously conveyed. Such factors also weigh against a finding of good faith on the part of Plaintiff.

The Court is mindful that it is generally the attorney's responsibility to timely – and properly –file papers with the Court. However, "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co.*, 507 U.S. at 396. "[T]he proper focus

---

[2] The Court recognizes first counsel was then about to be suspended from the practice of law for six months. Such expected action, without more, does not serve to establish "neglect."

[3] Plaintiff focuses on prejudice to her, while the factors focus on prejudice to the nonmovant, here, Defendant.

is upon whether the neglect of [the clients] *and their counsel* was excusable." *Id.* at 397 (emphasis in original).  Here, such showing is lacking.

In summary, based on the relevant circumstances surrounding Plaintiff's failure to file a "proper brief" in the first instance, and her current request to do so, the Court finds excusable neglect has not been established.

### C. "Good Cause"

Plaintiff's Motion fails for yet another reason – the lack of "good cause."  Here, Plaintiff summarily states that "[g]ood cause exists."  (ECF No. 9, ¶ 25.)  "Good cause comes into play in situations in which there is not fault – excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."  *Torres*, 372 F.3d at 1161 n.1 (quotation marks and citation omitted).  Plaintiff's summary assertion, even when considered with her prior arguments in support of "excusable neglect," falls far short from showing an absence of fault sufficient to find "good cause."  *See In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (Stating that while the two standards are not identical, "'good cause' requires a greater showing than 'excusable neglect.'").

### III. CONCLUSION

Based on the foregoing, it is ORDERED that Plaintiff's Motion to Reopen Briefing on Defendant[']s Motion for Summary Judgment (ECF No. 123) is DENIED.

DATED this 8th day of September, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge